```
                  UNITED STATES DISTRICT COURT

                   DISTRICT OF NEW HAMPSHIRE
```

Azael Lopez Astaiza,
     Petitioner

     v.                              Case No. 23-cv-127-SM
                                     Opinion No. 2023 DNH 048

Warden, FCI Berlin,
     Respondent


                           **O R D E R**


     Azael Lopez Astaiza is a federal prisoner currently being held at the Federal Correctional Institution in Berlin, New Hampshire.  He brings a petition pursuant to 28 U.S.C. § 2241 saying the Bureau of Prisons ("BOP") has improperly classified him as "ineligible" to apply time credits he has earned under the First Step Act and, therefore, incorrectly calculated his projected release date.  He seeks an order directing the BOP to properly account for those time credits and to amend his projected release date by one year.

     When Lopez Astaiza filed his petition, his claim had merit. But, shortly thereafter, the BOP properly credited him with earned FSA time credits and advanced his projected release date by one year (the maximum permitted).  Accordingly, Lopez Astaiza

has received all of the relief to which he is entitled and his petition is now moot.

## Discussion

There are two ways by which inmates serving federally-imposed sentences may reduce the amount of time they must serve in prison. Those serving a term of imprisonment greater than one year may earn "good time" credits for "exemplary compliance with institutional disciplinary regulations." 18 U.S.C. § 3624(b)(1). Inmates may also earn "time credits" under the First Step Act for the successful completion of "evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A). This case involves the latter.

Lopez Astaiza is currently serving a 108-month term of imprisonment, to be followed by a five-year term of supervised release. He is the subject of an Immigration and Customs Enforcement ("ICE") detainer that was lodged against him in March of 2020. With the benefit of good time credits, his "Final Statutory Release Date" is August 29, 2025. See Sentence Monitoring Computation Data (document no. 6-3) at 1. None of that is in dispute.

2

In addition to good time credit, Lopez Astaiza has also earned a substantial number of FSA time credits, 365 of which may be applied toward early transfer to supervised release.  See FSA Time Credit Assessment as of March 25, 2023 (document no. 5-4) at 1.  See also 18 U.S.C.A. § 3624(g)(3) (providing that the BOP may apply no more than 12 months of earned FSA time credits to advance an inmate's date of transfer to supervised release).  So, factoring in both his good time credits and his FSA time credits, Lopez Astaiza's "Projected Release Date" should be August 29, 2024 - that is, 365 days earlier than his "Final Statutory Release Date."  But, says Lopez Astaiza, the BOP is refusing to apply those FSA time credits and, therefore, his projected release is off by one year.

Lopez Astaiza was, for a time, correct.  But, on February 6, 2023, the BOP amended its procedures for implementing the First Step Act.  Among other things, it removed language from the prior policy that prohibited prisoners subject to ICE detainers from applying FSA time credits toward an early transfer to prerelease custody or supervised release.  See U.S. Dept. of Justice, Bureau of Prisons, Program Statement 5410.10 CN-1 at 2 (Feb. 6, 2023).[1]  Consequently, inmates like Lopez

---

[1] Available at: https://www.bop.gov/PublicInfo/execute/policysearch?todo=query&series=5000).

3

Astaiza who are subject to ICE detainers (but not final orders of removal) are now permitted to apply FSA time credits toward prerelease custody or supervised release. See generally 18 U.S.C. § 3632(d)(4)(E)(i).

Following that change in policy, the BOP recalculated Lopez Astaiza's Sentence Monitoring Computation Data. The BOP's records now accurately show that he is eligible both to earn and to apply earned FSA time credits toward early release. See FSA Time Credit Assessment dated March 25, 2023, at 1. Additionally, the BOP has applied the maximum number of FSA time credits (365) to calculate his "Projected Release Date" of August 29, 2024 (rather than August 29, 2025). See Sentence Monitoring Computation Data at 1. The relief sought in Lopez Astaiza's petition has, then, been granted in full.

Parenthetically, the court notes that to the extent Lopez Astaiza moves the court to order the BOP to immediately release him from custody (it is not clear), he is not entitled to such relief. Prisoners can only apply FSA time credits toward prerelease custody or early transfer to supervised release once they have "earned time credits . . . in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment." 18 U.S.C. § 3624(g)(1)(A). See also 28 C.F.R.

4

§ 523.44(b).  In other words, eligible inmates can accumulate FSA time credits throughout their incarceration, but they may only apply those accumulated time credits once they are sufficient in number to meet or exceed the time remaining on the inmate's imposed term of imprisonment.  See generally Rengifo-Valencia v. Warden, FCI Berlin, No. 23-CV-082-SM, 2023 WL 3020871, at *1 (D.N.H. Apr. 20, 2023).

Here, Lopez Astaiza filed his petition on February 15, 2023.  As of that date, he still had 926 days remaining until his statutory release date of August 29, 2025.  As of March 25, 2023, he had accumulated a total of 735 FSA time credits (370 for application toward prerelease custody/home confinement and 365 for application toward supervised release).  While BOP records show that he remains eligible to earn FSA time credits, he has not acquired sufficient credits (and his statutory release date is not sufficiently close in time) to be able to apply those credits toward prerelease custody or early transfer to supervised release.

## Conclusion

For the foregoing reasons, as well as those set forth in the government's legal memorandum, it is plain that Lopez Astaiza has received all the relief sought to which he is

5

entitled and there is no longer any case or controversy. His petition (**document no. 1**) is, therefore, dismissed as moot. The government's motion to dismiss (**document no. 5**) is granted.

The Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

                                                                _____
                                                                Steven J. McAuliffe
                                                                United States District Judge

April 28, 2023

cc:  Azael Lopez Astaiza, pro se
     Raphael Katz, Esq.